08-2311-ag
Tanusaputra v. Holder

BIA
Nelson, IJ
A096 257 475
A096 257 476

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand ten.

PRESENT:
　　　　JON O. NEWMAN,
　　　　JOSÉ A. CABRANES,
　　　　RICHARD C. WESLEY,
　　　　　　*Circuit Judges*.

─────────────────────────────────

HENGKY TANUSAPUTRA, CAROLINA DEWI,
　　　　*Petitioners*,

　　　　v.　　　　　　　　　　　　08-2311-ag
　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent*.

─────────────────────────────────

FOR PETITIONERS:　　　Jack Herzig, Glenside, Pennsylvania.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Elizabeth Young, Attorney, Office of Immigration Litigation, Civil Division, United

**States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Hengky Tanusaputra and Carolina Dewi, husband and wife and natives and citizens of Indonesia, seek review of an April 10, 2008, decision of the BIA affirming the May 24, 2006, decision of Immigration Judge ("IJ") Barbara A. Nelson denying their applications for asylum and withholding of removal. *In re Tanusaputra*, No. A096 257 475/476 (B.I.A. April 10, 2008), *aff'g* No. A096 257 475/476 (Immig. Ct. N.Y. City May 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Tanusaputra and Dewi challenge only the agency's denial of their applications for withholding of removal. The agency did not err in determining that they failed to demonstrate that they would more likely than not be persecuted upon returning to Indonesia. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). The agency reasonably found that Tanusaputra and Dewi did not claim to have suffered any past persecution while living in Indonesia for most of their lives, including during the violence that occurred in 1998, and did not state any reasons that they would be personally targeted for persecution other than the allegation that all ethnic Chinese and Christians were subject to persecution. Moreover, the agency reasonably relied on the fact that Tanusaputra's and Dewi's family members, who are also Chinese and Christian, continue to live in Indonesia without incident. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

The agency also did not err in determining that Tanusaputra and Dewi failed to establish that a pattern or practice of persecution against Chinese Christians exists in Indonesia, as it reasonably relied on country conditions evidence in the record to find that, while there have been

random, sporadic, and localized outbreaks of violence against Chinese Christians, the record did not establish that there is systematic persecution. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

While Tanusaputra and Dewi claim that the agency did not consider the country conditions evidence they presented, the record does not compellingly suggest that the agency failed to consider expert witness affidavits and other testimony, particularly when the IJ admitted the affidavits into the record, specifically stated that the affidavits were being considered, and made an assessment of the background material in total, and when the BIA also expressly considered the evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). The BIA also did not engage in impermissible fact-finding, but rather upheld the IJ's fact-finding that there was not systematic persecution of Chinese Christians in Indonesia, but only random and sporadic outbreaks of violence. *See* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir. 2006).

Because the agency reasonably determined that Tanusaputra and Dewi failed to demonstrate an individualized

4

likelihood of persecution or a pattern or practice of persecution, the agency did not err in denying their applications for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5